# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HARRING, KENNETH HARRING,<br><br>  Plaintiffs,<br><br> v.<br><br>CHRISTOPHER MARTENS,<br><br>  Defendant. | 1:14-cv-00310-AWI-BAM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>ORDER GRANTING APPLICATION TO PROCEED INFORMA PAUPERIS AND ORDER TO SUBMIT APPLICATION AS TO KENNETH HARRING (ECF No. 4)<br><br>THIRTY-DAY DEADLINE |

## SCREENING ORDER

Plaintiffs David Harring and Kenneth Harring ("Plaintiffs") proceed pro se and in forma pauperis in this civil action. Plaintiffs allege that they entered into a retainer agreement for legal services to be performed by defendant which were not performed. Plaintiffs' Complaint, filed on November 27, 2013, is currently before the Court for screening.

**Request to Proceed without Payment of Fees**

Plaintiff David Harring is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff David Harring has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Plaintiff Kenneth Harring has not submitted a completed in forma pauperis application

form pursuant to 28 U.S.C. § 1915, nor has he paid the $400.00 filing fee. Accordingly, he will be ordered to submit an application to proceed informa pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiffs' Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiffs' Allegations**

Plaintiffs allege that Plaintiff David Harring entered into a written contractual agreement with attorney Christopher Martens in May 2008.  Attorney Martens agreed to investigate and write a petition for habeas corpus for the sum $15,000 on behalf of David Harring. Plaintiffs allege that they paid Attorney Martens $13,000 in cashier checks for this anticipated service. Attorney Martens, after much delay, filed an "incompetent" petition for habeas corpus in breach of the contract.  Plaintiff Kenneth Harring is David Harring's uncle who has attempted to contact Attorney Martens to resolve the dispute.  Plaintiffs do not allege the injury suffered by Plaintiff Kenneth Harring.  Plaintiffs allege they have filed a complaint with the State Bar of California against Attorney Martens.

## DISCUSSION

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiffs' Complaint must establish the existence of subject matter jurisdiction.  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677.  Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988). There are two bases for original federal subject matter jurisdiction: 1) federal question jurisdiction and 2) diversity jurisdiction.

1. **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the Complaint is entitled "Complaint for Breach of Contract /& Petition for Writ of Attachment." The allegations involve a contractual relationship between an attorney and Plaintiffs. The Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

**2. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."

Here, Plaintiffs allege that the amount in controversy is $13,000, which is the amount Plaintiffs paid to Attorney Martens. Therefore, the amount in controversy does not reach the jurisdictional amount required for diversity jurisdiction.

Plaintiffs also have not alleged the parties' citizenship is completely diverse. The contract between Plaintiff David Harring and Attorney Martens, attached to the Complaint, indicates the location of Attorney Martens' office is in Visalia, California. Plaintiffs' residence listed on the Complaint is Delano, California. The Complaint alleges that Plaintiffs and defendant are California residents, which destroys the requisite "complete diversity" in this case. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). Accordingly, this Court lacks diversity jurisdiction.

Plaintiffs have failed to establish that federal question jurisdiction or diversity jurisdiction exists. Accordingly, the Court finds that Plaintiffs' Complaint does not allege subject matter jurisdiction and this Court does not have jurisdiction.

### 3. Supplemental Jurisdiction

In the Complaint, Plaintiff contends jurisdiction arises under Title 28 of the United States Code section 1367 under the principles of supplemental jurisdiction. Plaintiffs also allege they bring this action pursuant to 28 U.S.C. section § 1391 (venue).

The Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367 adopts the full constitutional limit of supplemental jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1172 73 (9th Cir. 2002); *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995). Nonfederal claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Finley v. United States*, 490 U.S. 545, 549 (1989) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

As long as all claims arise from the same nucleus of operative facts, the court can adjudicate state law claims against defendants who are not parties to the federal claim. See *Mendoza*, 301 F.3d at 1172-73. Supplemental jurisdiction is a doctrine of discretion, not of right. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997).

Plaintiffs allege a claim based on California state law breach of contract. However, because there are no valid federal claims apparent on the face of plaintiffs' well-pleaded complaint, see 28 U.S.C. § 1331, this Court lacks any jurisdiction, and therefore, does not have supplemental jurisdiction. Accordingly, unless and until plaintiff can properly allege the basis for such jurisdiction, there is no basis for this Court to exercise supplemental jurisdiction over any state law claims at this time, and the Court will not analyze plaintiff's potential state law claims here. 28 U.S.C. § 1367(c).

For the reasons set forth, Plaintiffs have failed to state a cognizable claim for relief. Plaintiffs shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.  Fed.R.Civ.P. 15(a).

**Standing of Kenneth Harring**

"To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision*." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180–81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision."  *Davis v. Yageo Corp*., 481 F.3d 661, 673 (9th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).

Here, the Complaint alleges a breach of contract between Plaintiff David Harring and defendant Attorney Martens.  Plaintiff Kenneth Harring has not alleged injury in fact.

**CONCLUSION AND ORDER**

Plaintiffs' Complaint fails to allege subject matter jurisdiction and standing.  However, the Court will provide Plaintiff with the opportunity to file a first amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiffs' first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. For the foregoing reasons, the Court dismisses Plaintiffs' Complaint for lack of federal subject matter jurisdiction;
2. The Court dismisses Plaintiffs' Complaint as to Kenneth Harring for lack of standing;
3. Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file a first amended complaint;
4. Kenneth Harring shall submit an application to proceed informa pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action; and
5. <u>If Plaintiffs fail to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **April 15, 2014**           /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE