1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID HARRING, KENNETH                    Case No. 1: 14-cv-0310-AWI-BAM
      HARRING,
12
                     Plaintiff,
13                                               **FINDINGS AND RECOMMENDATION**
             v.                                  **RECOMMENDING DISMISSAL OF THIS**
14                                               **ACTION**
      CHRISTOPHER MARTENS,
15
                     Defendants.
16

17           Plaintiffs David Harring and Kenneth Harring[1] ("Plaintiffs"), appearing *pro se* and *in*

18    *forma pauperis*, filed the instant complaint on November 27, 2013, seeking monetary damages

19    and other relief.   The Court screened Plaintiffs' Complaint on April 16, 2014, and found that it

20    failed to state a cognizable claim, but gave Plaintiffs an opportunity to file an amended complaint

21    on or before May 19, 2014. (Doc. 7).  Plaintiff David Harring filed a motion for an extension of

22    time on May 19, 2014 (Doc. 8), which the Court granted (Doc. 9). Plaintiffs were to file their

23    amended complaint by June 24, 2014. (Doc. 9). [2]  To date, Plaintiffs have not filed their amended

24    _____

25    [1]      The Court notes that Kenneth Harring is not a party to this action.  He has not submitted an application to
      proceed *in forma pauperis* or paid his filing fee, nor has he signed the complaint in this matter.  Further, as a non-
26    attorney, David Harring may not represent Kenneth Harring. *See Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th
      Cir. 2008) (privilege to represent oneself pro se provided by 28 U.S.C. § 1654 is personal to litigant and does not
27    extend to other parties/entities); *Johns v. Cnty of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney may
      appear pro se on own behalf, but has no authority to appear as an attorney for others than himself).  Thus, any claims
28    alleged by Kenneth Harring should be DISMISSED.
      [2]      In the order granting David Harring's request for an extension of time, the Court ordered Plaintiff Kenneth

                                                          1

1    complaint or an additional request for an extension of time to do so.

2                                    **DISCUSSION**

3          Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local

4    Rules or with any order of the Court may be grounds for the imposition by the Court of any and

5    all sanctions . . . within the inherent power of the Court.  District courts have the inherent power

6    to control their dockets and "in the exercise of that power, they may impose sanctions including,

7    where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

8    Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

9    an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v.*

10   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

11   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

12   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

13   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized

14   of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

15   failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

16   (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether

17   to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply

18   with local rules, the court must consider several factors: (1) the public's interest in expeditious

19   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

20   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

21   availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61;

22   *Malone*, 833 F.2d at 130;  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

23         In the instant case, the Court finds that the public's interest in expeditiously resolving this

24   litigation and the Court's interest in managing the docket weigh in favor of dismissal because

25   there is no indication that Plaintiffs intend to prosecute this action.  The third factor, risk of

26   prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

27   from any unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524

28

Harring to file a separate complaint along with the filing fee or an application to proceed in forma pauperis.  (Doc. 9).

(9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiffs to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 7, pg. 7).

### RECOMMENDATION

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for Plaintiffs' failure to comply with a court order and that the Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fifteen (15) days after the date of this Finding and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 26, 2014**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE