UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HARRING, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER MARTENS, <br><br> Defendant. | No. 1:14-cv-0310 AWI-BAM <br><br> FINDINGS AND RECOMMENDATION SCREENING FIRST AMENDED COMPLAINT AND RECOMMENDING DISMISSAL OF THIS ACTION WITHOUT LEAVE TO AMEND AND CLOSING CASE <br> (ECF No. 11) |

Plaintiff, David Harring ("Plaintiff"), a state prisoner housed at Kern Valley State Prison, proceeding *pro se* and *in forma pauperis*, has filed this civil action seeking monetary damages and other relief.

The Court dismissed Plaintiff's initial complaint in this matter for lack of subject matter jurisdiction ordered Plaintiff to file an amended complaint within thirty days. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff failed to file a First Amended Complaint and on June 26, 2014, this Court issued Findings and Recommendations to dismiss this action for Plaintiff's failure to obey the Court's order. (Doc. 10).

On July 23, 2014, Plaintiff filed objections to the Findings and Recommendations,[1] and also a First Amended Complaint. (Doc. 11). Plaintiff cites delays by the prison mail room for

---

[1] Plaintiff's objections are styled as a motion for reconsideration to file his amended complaint.

1

his untimely First Amended Complaint.  Plaintiff asserts that he prepared his First Amended Complaint well before the submission deadline and served it on the prison mail room in a timely manner.  Plaintiff requests the Court to excuse the delay, which was out of his control.

In light of Plaintiff's objections and his submission of the First Amended Complaint on July 23, 2014, the Court vacated its Findings and Recommendations and ordered the First Amended Complaint to be filed.  The First Amended Complaint is currently before the Court for screening. (Doc.11, p.6-12.)

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's First Amended Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### Plaintiff's Allegations

Plaintiff alleges that Plaintiff David Harring entered into a written contractual agreement with attorney Christopher Martens in sometime in 2007- 2008. (Doc. 11, p. 7-8.) Attorney Martens agreed to investigate and write a petition for habeas corpus for the sum $15,000 on behalf of David Harring. Plaintiff alleges that he paid Attorney Martens $13,000 in cashier checks for this anticipated service. The attorney's services were to include investigative services and necessary court filings. These services were not timely performed and when the services were not performed, Plaintiff alleges he filed a complaint with the State Bar of California against Attorney Martens in August 2009. In 2010, Attorney Martens, contacted plaintiff and stated he was close to filing the writ. On October 5, 2010, after much delay, Attorney Martens filed an "incompetent" petition for habeas corpus. Plaintiff alleges that the work perrformed by Attorney Martens was in breach of the contract. Plaintiff claims a breach of contract action against Attorney Martens. Plaintiff claims that this Court has jurisdiction because "[t]his in rem action is filed pursuant to Article III §2."

### DISCUSSION

### Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiffs' Complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v*.

*Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988). There are two bases for original federal subject matter jurisdiction: 1) federal question jurisdiction and 2) diversity jurisdiction.

### 1. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the First Amended Complaint is entitled "Complaint for Breach of Contract." (Doc. 11, p.6.) The allegations involve a contractual relationship between an attorney and Plaintiff. The First Amended Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

Plaintiff alleges that this Court has jurisdiction based on in rem jurisdiction pursuant to Article III, §2. This case, however, is not an in rem proceeding. "In rem" actions were those to determine *title* to property located in the forum state (e.g., quiet title, mortgage foreclosure, probate, etc.). See Fed.R.Civ.P. Supplemental Rule C. A "rem" does not exist in this case. Plaintiff's allegations are not for a specific property; plaintiff's claim is for compensatory damages for, at least, $13,000 for failure to perform services. In the law of contracts, the party injured by the breach should receive as nearly as possible the monetary equivalent of the benefits

4

of performance. Cal.Civ.Code §3300. The amount of damages ($13,000) is not an "in rem."

Regardless, an action in rem must meet subject matter jurisdiction requirements. Either diversity of citizenship and the requisite amount in controversy or some other basis of federal jurisdiction must exist. Neither exists in this case.

While this Court does not have jurisdiction, plaintiff may be able to seek damages in a state court for monetary compensation.

### 2. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."

Here, Plaintiff alleges that the amount in controversy is $13,000, which is the amount Plaintiff paid to Attorney Martens. Therefore, the amount in controversy does not reach the jurisdictional amount required for diversity jurisdiction.

Plaintiff also has not alleged the parties' citizenship is completely diverse. The contract between Plaintiff David Harring and Attorney Martens, which was attached to the original Complaint, indicates the location of Attorney Martens' office is in Visalia, California. Plaintiffs' residence listed on the Complaint is Delano, California. The Complaint alleges that Plaintiffs and defendant are California residents, which destroys the requisite "complete diversity" in this case. *See Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718, 722 (9th Cir. 2008). Accordingly, this Court lacks diversity jurisdiction.

**No Leave to Amend**

Plaintiff's First Amended Complaint fails to establish this Court's subject matter jurisdiction. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints based upon the same facts for breach of contract and contract damages

which do not confer subject matter jurisdiction upon this Court.  Thus, the Court determines that allegations of other facts consistent with the challenged pleading could not possibly cure the jurisdictional deficiency.  Rather than a federal forum, plaintiff may be able to pursue his state claim for breach of contract in a state forum.

## ORDER

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** as follows:

1. Plaintiff's First Amended Complaint is DISMISSED, without leave to amend, for lack of subject matter jurisdiction.
2. The Clerk of the Court is directed to close this case.

These findings and recommendations are submitted to the United States District Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fifteen (15) days after the date of this Finding and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2014**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE